UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OMAR AL-DAHIR, ALAA K. KHALIL, and HOLLY DOHM AL-DAHIR, | CIVIL ACTION |
| VERSUS | NO.  08-4502 |
| UNITED STATES OF AMERICA | SECTION "N"  (5) |

## ORDER AND REASONS

Presently before the Court is the "Motion of Defendant United States of America to Dismiss Plaintiffs' Third Supplemental and Amended Complaint" (Rec. Doc. 118). As stated herein, **IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

In their Third Supplemental and Amended Complaint ("TAC"), Plaintiffs assert five claims against the United States of America (the "Government"), pursuant to the Federal Tort Claims Act ("FTCA"), for the state law torts of conversion, assault, battery, false imprisonment, and abuse of process. These claims arise from the procurement of search warrants by agents of the Federal Bureau of Investigation ("FBI") – and the execution of those warrants at Plaintiffs' residence – in September 2006. Regarding these claims, the Court rules as follows:

1. With respect to <u>all of Plaintiffs' claims</u>, the Government contends that all are barred by the doctrine of sovereign immunity because Plaintiffs did not file suit against the United States, as opposed to the FBI, a federal agency, and several FBI agents, within the six-month period

prescribed by the FTCA's statute of limitations, 28 U.S.C. §2401(b).[1]  The Court recognizes that the FTCA requires suit against the United States, not one of its agencies.  *See, e.g., McGuire v. Turnbo,*137 F.3d 321, 324 (5th Cir. 1998);  *Board of Governors of Fed. Reserve Sys. v. DLG Fin. Corp.*, 29 F.3d 993 (5th Cir. 1994);  *see also Abuhouran v. Social Sec. Admin*., 291 Fed. Appx. 469, 472-73 (3rd. Cir. 2008) (unpub.)(affirming dismissal of Social Security Administration and denial of addition of United States by amendment on grounds of futility).  That being said, neither the Government nor Plaintiffs address whether the TAC "relates back," for purposes of Rule 15(c) of the Federal Rules of Civil Procedure, to the filing date of the original complaint, January 22, 2008, given Plaintiffs' "Notices of Mailing" of the complaint to the United States Attorney General and United States Attorney Letten on June 5, 2008.  *See* Rec. Doc. 31 and 32.[2]  Accordingly, at this juncture, the Court denies the Government's request that this action be dismissed on grounds that it was not filed within the time period established by §2401(b).

Given that timeliness affects the Court's jurisdiction, however, **IT IS FURTHER ORDERED** that, within thirty (30) days of entry of this Order, the Government shall file, and notice for a hearing, a motion directed to this particular issue.  Plaintiffs shall file a response in accordance with the Court's local rules.

2. Assuming Plaintiffs timely filed suit on their <u>conversion</u> claims, the Government concedes that Plaintiffs have exhausted their administrative remedies as to that particular claim.[3]

---

[1]     Given that Plaintiffs were notified of the FBI's "final denial" of their administrative claims on September 22, 2008, that period concluded in March 2009.  Plaintiffs sought leave to file the TAC on October 26, 2009.

[2]     The period for effecting service was extended until June 30, 2008.  *See* Rec. Doc. 35.

[3]     The same is true relative to Plaintiffs' abuse of process claim.  *See* Government's Memorandum in Support of Motion to Dismiss (Rec. Doc. 118-3) at p.11.

Even so, the Court finds that the bar to suit set forth in 28 U.S.C. §2680(c) requires dismissal of this claim on grounds of sovereign immunity.  Although an exception to this bar is provided by §2680(c)(1)-(4), the Court is not convinced that the exception's application extends beyond property seizures instituted as part of civil forfeiture proceedings.  *See* Civil Asset Forfeiture Reform Act of 2000, Public Law 106–185, 114 Stat. 202; *see also* H.R. Rep. No. 106–1048 (2001);  *Foster v. United States*, 522 F.3d 1071, 1075 (9th Cir. 2008)(under CAFRA, the re-waiver of sovereign immunity in § 2680(c)(1)-(4) applies only to property seized solely for the purpose of forfeiture). The seizure at issue here did not occur as part of a civil forfeiture proceeding.  Accordingly, Plaintiffs' conversion claims are dismissed.

3. With respect to Mr. Al-Dahir's claims of assault, battery, and false imprisonment, the Court finds that he sufficiently exhausted his administrative remedies as required by 28 U.S.C. §2675(a).  These three claims are based on allegations in the TAC that, during the execution of the search warrants in September 2006, FBI agents, without legal justification, forced Mr. Al-Dahir to stand outside in the sun, on a hot day, while they stood in the shade, despite Mr. Al-Dahir informing them that, because he was fasting, the sun exposure was causing him to feel ill.  Although Mr. Al-Dahir's administrative claim does not set forth these particular details, it describes events preceding the execution of the search warrant, in addition to asserting that Special Agent Gibbons and "approximately eight heavily armed FBI agents terrorized me, my mother, and my wife as they seized property belonging to [Plaintiffs][.]"[4]

The Court finds these statements provided the FBI with enough information to enable it to thoroughly investigate its potential liability to Plaintiffs; therefore, Mr. Al-Dahir adequately

---

[4]     *See* Omar Al-Dahir's "Claim for Damage and Injury Attachment to Standard Form 95," Exhibit A to Plaintiffs' Opposition Memorandum (Rec. Doc. 122-1), at pp.1-3.

exhausted his administrative remedies relative to these claims. *See Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980). If nothing else, the choice of the word "terrorized" to describe the conduct of "eight heavily armed FBI agents," as they seized Plaintiffs' property, was sufficient to incite further inquiry into the specifics of Mr. Al-Dahir's contentions.

4. Under the FTCA, the Court must also consider whether, under Louisiana law, a private individual under "like circumstances" as those alleged by Plaintiffs would be liable in tort. *See* 28 U.S.C. §§ 1346(b) and 2674. The Court, on the showing made, is not convinced that legally viable claims for assault and battery have been stated. Accordingly, dismissal of those two claims is warranted.

At this stage of the proceeding, however, where Plaintiffs' allegations, rather than summary judgment evidence, are considered, the Court reaches a contrary conclusion relative to Plaintiffs' false imprisonment and abuse of process claims. With respect to false imprisonment, if the facts truly are as Mr. Al-Dahir alleges, a reasonable person arguably could conclude that he was not free to leave the premises. This is particularly true in the absence of any contention that the "eight heavily armed FBI agents" specifically informed Mr. Al-Dahir, upon being told that standing in the sun was making him ill, that he could instead leave.

Further, if Special Agent Gibbons "knowingly submitt[ed] false information to [Magistrate Judge Moore] in order to obtain warrants to execute the illegal search of Plaintiffs' residence," and to seize property, as Plaintiffs allege, the Court presently is not convinced that, as a matter of law, an abuse of process claim cannot exist under Louisiana law. Rather, Plaintiffs appear to allege the use of legal process for a wrongful purpose and to obtain an unjustified end, *e.g.*, to further harass Plaintiff or to attempt to falsely implicate him in criminal activity. *See, e.g., Hebert*

4

*v. Louisiana Licensed Professional Vocational Rehab. Counselors*, 4 So.3d 1002, 1009 (La. App.

3 Cir. 2009) (describing claim).

Finally, the Government cites *Washington v. Drug Enforcement Adm'n,* 183 F.3d

868, 873 (8th Cir. 1999), and *Wright v. United States*, 963 F. Supp.7, 17 (D.D.C. 1997), for the

proposition that the acts of applying for and executing search warrants can have no private analogue,

for purposes of the FTCA, because private citizens do not apply for or execute search warrants.  In

the *Wright* decision, however, on which *Washington* relied, the court also pointed out that it was *not*

saying that an action could not be held in trespass for the execution of an invalid search warrant.

*See Wright*, 963 F. Supp. at 17.  Further, the *Wright* court specifically recognized that the FTCA

creates a right of action for torts committed during the unreasonable execution of a search warrant.

*Id.*

Significantly, Plaintiffs allege that the search warrant at issue here was obtained as

a result of the knowing submission of false information, and that Mr. Al-Dahir was detained and

forced, without legal justification, to suffer consequences during that execution of that warrant that

made him ill.  Further, while private citizens do not apply for and execute search warrants, they do

often provide information to law enforcement personnel applying for search warrants.  Similarly,

a private citizen could fraudulently obtain permission to enter someone else's residence, for unlawful

purposes, based on the knowing submission of false information.  On the showing made, the Court

is not persuaded that Louisiana law would never allow a person injured by such conduct to assert

an action in tort for damages.

In conclusion, if Plaintiffs timely filed suit against the United States, they may

proceed with their abuse of process claims and Mr. Al-Dahir's false imprisonment claim.  Having

so ruled, however, the Court emphasizes that the Government may again seek dismissal of these

5

claims upon submission of a properly supported motion for summary judgment.  Further, as previously stated, a question remains as to whether Plaintiffs timely filed suit against the United States on these claims.

New Orleans, Louisiana, this 30th day of September 2010.

_____

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**